IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Jedidiah Murphy, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:23-cv-01199-RP-SH |
| | : | |
| Bobby Lumpkin, Director of | : | |
| Correctional Institutions, | : | |
| Texas Dept. of Criminal Justice, | : | |
| | : | **THIS IS A CAPITAL CASE** |
| Kelly Strong, Warden, Texas State | : | |
| Penitentiary Huntsville Unit, | : | |
| | : | **EXECUTION SET FOR** |
| Bryan Collier, Executive Director, | : | **OCTOBER 10, 2023** |
| Texas Dept. of Criminal Justice, | : | |
| | : | |
|     Defendants. | | |

**<u>MOTION FOR STAY OF EXECUTION OR PRELIMINARY INJUNCTION</u>**

Jedidiah Murphy, a prisoner on Texas's death row, has filed a 42 U.S.C. § 1983 action concerning his upcoming execution. With this Motion, he respectfully moves this Honorable Court to stay his execution, and/or issue a preliminary injunction. His complaint seeks a preliminary injunction and other relief.

Far from the typical "method of execution" lawsuit, Mr. Murphy's urgent action arises from an unanticipated event: a catastrophic building fire at the prison

1

on August 25, 2023, that inevitably damaged the chemical (pentobarbital) with which Texas intends to execute him.

In support of this Motion, Mr. Murphy states the following:

1. On August 25, 2023, an uncontrolled building fire catastrophically damaged the third floor of the Administration Building at the Huntsville Unit of the Texas Department of Criminal Justice. The Huntsville Unit is not only the location where TDCJ (through Defendants) is scheduled to execute Jedidiah Murphy on October 10, 2023; it also appears to be the location where Defendants stored the single drug they use to carry out such executions: pentobarbital.

2. This recent fire – which took firefighters up to ten hours to control – would have exposed TDCJ's supply of pentobarbital to an extended period of excessively-high temperatures (upwards of 1800° Fahrenheit), smoke, and water.

3. When exposed to high temperatures, pentobarbital quickly degrades, impacting the solution's pH, and causing insoluble precipitates to form. As pentobarbital further degrades, its chemical structure changes, and it turns into an entirely different chemical with a different pharmacological impact on the body.

4. Amplifying the degradation of TDCJ's pentobarbital, there were multiple reasons to doubt its chemical integrity even before the fire: it was stored under improper conditions; TDCJ acquired it via unlawful methods; TDCJ fails to comply with numerous state laws concerning possession of controlled substances;

2

TDCJ conceals the identity of the pharmacy and laboratory it uses to compound and test it; and – most disturbingly – it was already expired.

5. On information and belief, TDCJ intends to execute Mr. Murphy using these damaged vials of fire-blighted, long-ago expired pentobarbital – or whatever chemical substance it has now become.

6. TDCJ has obstructed Mr. Murphy's attempts to learn the state of its pentobarbital following the Huntsville Unit Fire, by failing to respond to his requests under the Public Information Act and his internal inmate grievance.

7. The Texas courts have provided Mr. Murphy no way to redress this immediate threat to his constitutional rights.

8. This action seeks relief from these constitutional violations, beginning with a preliminary injunction and/or stay of Mr. Murphy's impending execution in order to permit litigation of this action in this Court.

**Legal Authority**

A stay of execution is sometimes necessary to allow adjudication of pending litigation, including § 1983 actions. Such court action is a matter of equity, and is considered in light of the following factors: 1) whether the stay applicant is likely to succeed on the merits of his suit; 2) whether he will be irreparably injured without a stay; 3) whether the other interested parties will be substantially injured by a stay;

and 4) the public interest. *Young v. Gutierrez*, 895 F.3d 829, 831 (5th Cir. 2018) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

The first factor – likely success on the merits – does not require a showing of "probability of success on the merits," but rather "a substantial case on the merits when a serious legal question is involved and show that *the balance of the equities* [i.e., the other three factors] *weighs heavily in the favor of granting a stay.*" *O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982) (emphasis and brackets in original; internal quotations omitted). Here, Mr. Murphy makes a substantial case that Defendants intend to execute him with a chemical directly exposed to extreme temperatures, and refuse to provide any information about the specific state or integrity of that chemical. Based on existing information presenting in his complaint, Mr. Murphy has good reason to believe that the high temperatures of the fire would have caused the pentobarbital – especially compounded, and expired, pentobarbital – to degrade to the point that it cannot be constitutionally used.

The balance of equities also weigh in favor of a stay. Mr. Murphy satisfies the second factor (whether he will be irreparably injured without a stay) because death is irreparable. "In a capital case, the possibility of irreparable injury weighs heavily in the movant's favor. . . . we must be particularly certain that the legal issues 'have been sufficiently litigated,' and the criminal defendant accorded all the protections guaranteed him by the Constitution of the United States." *O'Bryan*, 681 F.2d at 708

4

(quoting *Evans v. Bennett*, 440 U.S. 1301, 1303 (1979) (Rehnquist, J., granting a stay of execution)).

The third and fourth factors (whether the other interested parties will be substantially injured by a stay; and the public interest) also weigh in favor of a stay. Mr. Murphy's highly significant claims deserve to be fully litigated. The State of Texas, represented by the Office of the Attorney General as prosecution *pro tem* in ongoing state habeas litigation in Mr. Murphy's case, is meant to "seek justice within the bounds of the law, not merely to convict." In this way, the "prosecutor serves the public interest[.]" American Bar Association, Criminal Justice Standards for the Prosecution Function, 4th Ed. (2017), Standard 3-1.2, Functions and Duties of the Prosecutor; American Bar Association, Model Rules of Professional Conduct, Rule 3.8 (Special Responsibilities of a Prosecutor), cmt. 1 ("A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded procedural justice[.]"). *See also Berger* v. *United States*, 295 U.S. 78, 88 (1935) (prosecutor's "interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done").

Furthermore, the public interest could not be served by a torturous execution, carried out without any transparency or oversight, using a substance clearly damaged

by a recent catastrophic building fire. The rush to execute Mr. Murphy even under these circumstances serves no one.

For these reasons, a stay of execution is proper, equitable, and necessary.

**Alternative Authority to Issue a Stay of Execution in this Case**

In the alternative to the above authority, this Court has the power to stay Mr. Murphy's execution under 28 United States Code § 1651(a), the "All Writs Act," by which Congress vested this Court with the authority to "issue all writs necessary or appropriate in aid of [its] jurisdiction[.]" Here, this Court has jurisdiction to hear Mr. Murphy's civil rights action; and thus has authority to act in aid of that jurisdiction.

**Certificate of Conference (LOCAL RULE CV-7(h))**

On the 5th day of October, 2023, the co-counsel conferred with opposing counsel concerning the relief sought in this Motion, and was advised that opposing counsel opposed this Motion. Opposing counsel intends to file an opposition stating their grounds.

**Statement of Good Cause (LOCAL RULE CV-3(c)(3))**

Mr. Murphy's execution is scheduled for October 10th, 2023. Counsel has been attempting to litigate the same constitutional claims raised in this action in a state habeas writ in the Dallas County District Court, but that state court writ has not yet been ruled on. If the state writ is denied or dismissed, that will support Mr. Murphy's claim in this Court of a lack of meaningful state process to redress these constitutional violations. However, given the nearness of Mr. Murphy's execution

date, counsel has now concluded that it would be imprudent to wait any longer before filing the present Motion for Stay and its underlying civil rights action.

**Statement of Previous Requests for Relief (LOCAL RULE CV-3(c)(2))**

Mr. Murphy has a pending Motion for Stay of his execution date before this Court, in Case No. 1:23-cv-01170-RP-SH.

**CONCLUSION AND PRAYER FOR RELIEF**

In reliance on the above authorities and arguments, Mr. Murphy respectfully requests a stay of his October 10th, 2023 execution date, until this Court resolves his above-captioned action.

Respectfully Submitted,

_____

| | |
|---|---|
| Katherine Froyen Black | Catherine Clare Bernhard |
| 205 Blue Ridge Trail | P.O. Box 506 |
| Austin, Texas 78746 | Seagoville, Texas 75159 |
| 415-847-6127 | 972-294-7262 |
| kfroyen@gmail.com | fax – 972-421-1604 |
| Texas Bar No. 24099910 | cbernhard@sbcglobal.net |
| | Texas State Bar No. 02216575 |

*Pro Hac Vice Granted*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, the 5th day of October, 2023, I effected service of the foregoing pleading on the following counsel for all Defendants by email (and/or ECF notification) to:

>Ali Nassir, Assistant Attorney General
>Office of the Attorney General of Texas
>Post Office Box 12548, Capitol Station
>Austin, Texas 78711
>Tel: (512) 936-2134
>Ali.Nasser@oag.texas.gov

_____/s/_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| Jedidiah Murphy, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:23-cv—01199-RP-SH |
| | : | |
| Bobby Lumpkin, Director of | : | |
| Correctional Institutions, | : | |
| Texas Dept. of Criminal Justice, | : | |
| | : | **THIS IS A CAPITAL CASE** |
| Kelly Strong, Warden, Texas State | : | |
| Penitentiary – Huntsville Unit, | : | |
| | : | **EXECUTION SET FOR** |
| Bryan Collier, Executive Director, | : | **OCTOBER 10, 2023** |
| Texas Dept. of Criminal Justice, | : | |
| | : | |
|     Defendants. | | |

## [PROPOSED] ORDER ON MOTION FOR STAY OF EXECUTION

In conjunction with his civil rights complaint pursuant to 42 U.S.C. § 1983 (Docket Entry 1), Jedidiah Murphy has filed a Motion for a Stay of Execution, scheduled for October 10, 2023. Upon due consideration, the Court GRANTS the Motion and VACATES the April 21, 2023 order setting his execution and RECALLS the warrant of execution issued on May 1, 2023.

It is so ordered.

Signed on this _____ day of _____ 2023.

_____
Hon. Robert Pitman, United States District Judge