IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEDIDIAH MURPHY, | § | |
| *Plaintiff,* | § | |
| | § | No. 1:23–CV–01199-RP-SH |
| v. | § | |
| | § | |
| BOBBY LUMPKIN et al., | § | |
| *Defendants.* | § | |

**DEFENDANTS' MOTION TO DISMISS PROCEEDINGS AS MOOT**

This is a civil-rights lawsuit initiated by Plaintiff Jedidiah Murphy. ECF No. 6. This Court declined to stay Murphy's October 10, 2023 execution pending the resolution of this lawsuit. ECF No. 9. Murphy's execution was carried out on October 10, 2023. Juan A. Lozano and Michael Graczyk, *Texas executes man who questioned evidence presented at trial in deadly carjacking of elderly woman*, www.apnews.com, (October 10, 2023, 10:58 PM), apnews.com/article/texas-execution-murphy-supreme-court-6d9cd44d7c7a6817d53e1bcb74e8534f. As Murphy's execution was carried out, Defendants now ask the Court to dismiss Murphy's complaint with prejudice. Murphy's execution has rendered these proceedings moot.[1]

---

[1] *See Flores ex rel. Estate of Flores v. Fox*, 394 Fed.Appx. 170, 171–72 (5th Cir. 2010) ("Flores's claim for injunctive relief to correct his prison records ... is mooted by his death.") (citing *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (holding that death of prisoner mooted claim for injunctive relief seeking modification of prison policy); *Copsey v. Swearingen*, 36 F.3d 1336, 1339 n.3 (5th Cir. 1994) (stating that claims for injunctive and declaratory relief mooted by death)); *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997) (holding that claim for declaratory relief was moot because plaintiff was deceased); Memo. & Ord. at 14, *Barbee v. Collier et. al*, No. 4:22-CV-03684 (S.D. Tex. Nov. 15, 2022), ECF No. 14 (dismissing lethal injection lawsuit); *Bible v. Davis*, No. 4:18-CV-1893, 2018 WL 3068804, at *11 (S.D. Tex. June 21, 2018) ("Because this lawsuit cannot proceed without a stay of [Plaintiff]'s execution date, dismissal of the action is warranted."); *cf. Knapp v. Baker*, 509 F.2d 922, 922 (5th Cir. 1975) (holding that a petitioner's death moots a pending federal habeas proceeding).

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

/s/ Ali Nasser
*Attorney-in-charge    *ALI NASSER
Assistant Attorney General
Texas Bar No. 24098169

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Tel: (512) 936–1400
Fax: (512) 320–8132
Email: Ali.Nasser@oag.texas.gov

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF CONFERENCE**

I do hereby certify that on November 14, 2023, I conferenced with counsel of record Catherine Bernhard and she advised that she was not opposed to this motion.

Catherine Bernhard
P.O. Box 506
Seagoville, Texas 75159
972-421-1604
cbernhard@sbcglobal.net

/s/ Ali Nasser
ALI NASSER
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I do hereby certify that on November 15, 2023, I electronically filed the foregoing pleading with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" to the following attorneys of record, who consented in writing to accept this Notice as service of this document by electronic means:

Catherine Bernhard
P.O. Box 506
Seagoville, Texas 75159
972-421-1604
cbernhard@sbcglobal.net

/s/ Ali Nasser
ALI NASSER
Assistant Attorney General